# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00102-LJO-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>(ECF Nos. 35, 60)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.     Introduction

Plaintiff Rodney C. Buckley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's first amended complaint against Defendants Johnson and Zamora for excessive force in violation of the Eighth Amendment, Defendants Gutierrez, Rocha, and John Doe[1] for failure to protect in violation of the Eighth Amendment, and Defendant Gonzales for retaliation in violation of the First Amendment.

On November 9, 2018, Defendants Johnson, Gutierrez, Rocha, and Gonzales filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to exhaust his administrative remedies prior to bringing suit. (ECF

---

[1] Plaintiff reports that he is currently attempting to ascertain the identity of Defendant John Doe through informal discovery. (ECF No. 65.)

1

No. 35.)  Plaintiff's opposition was filed on January 16, 2019, (ECF No. 54), and Defendants Johnson, Gutierrez, Rocha, and Gonzales filed a reply on January 22, 2019, (ECF No. 56). Following substitution of new counsel, Defendant Zamora filed a notice of joinder in the motion to dismiss on February 19, 2019.  (ECF No. 60.)  The motion is deemed submitted.  Local Rule 230(l).

**II.     Defendants' Motion to Dismiss**

Briefly summarized, Plaintiff alleges in his amended complaint that on or about January 21, 2013, Defendants Johnson and Zamora used excessive force when they moved him into his cell.  During this time, Defendants Gutierrez, Rocha, and John Doe saw the assault and refused to intervene.  Finally, Plaintiff alleges that Defendant Gonzales retaliated against him by placing him in Administrative Segregation immediately after alleging staff misconduct.

In Plaintiff's first amended complaint, he further alleges that an inmate appeal or administrative process is available at his institution, that he filed an appeal or grievance concerning all of the facts contained in the complaint, and that he completed the process.  (ECF No. 14, p. 3.)  Plaintiff further alleges that he filed his grievance on February 12, 2013 on paper following his initial verbal complaint regarding staff misconduct on January 21, 2013.  The first level was bypassed.  The second level was addressed by Lieutenant Marsh, and was partially granted.  Plaintiff's appeal was rejected on July 17, 2013, and was cancelled on December 6, 2013.  (Id.)  Plaintiff states that he was denied at the third level of appeal on June 3, 2014,[2] regarding appealing his cancellation of the original appeal.  (Id. at 8.)

Defendants move to dismiss Plaintiff's verified first amended complaint on the grounds that it is apparent on the face of the amended complaint that Plaintiff has failed to exhaust his administrative remedies.

///

///

///

---

[2] Plaintiff's first amended complaint states that this appeal was denied on June 3, 3014, but this appears to be a typographical error.

2

**A.    Legal Standards**

**1.    Statutory Exhaustion Requirement**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006) (alterations, footnote, and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors" and creates an administrative record for grievances that eventually become the subject of federal court complaints. Id. at 94, 126; see also Porter v. Nussle, 534 U.S. 516, 524–25 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter, 534 U.S. at 532. Prisoners must adhere to the deadlines and other "critical procedural rules" of the prison's grievance process, Woodford, 548 U.S. at 90; Jones, 549 U.S. at 218, such that an untimely or otherwise procedurally defective grievance is insufficient, Woodford, 548 U.S. at 83–84.

Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable," and in such a case, the plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp v. Kimbrell, 623 F.3d 813, 822–23 (9th Cir. 2010). See also Ward v. Chavez, 678 F.3d 1042, 1044–45 (9th Cir. 2012) (exhaustion excused where futile); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown, 422 F.3d at 939-40 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Aside from this single exception, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special

3

circumstances.' . . . [a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino v. Baca, 697 F.3d 1023, 1035 (9th Cir. 2012) ("Albino I"). "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Id. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. Id. at 1035.

### 2. California Department of Corrections and Rehabilitation (CDCR)

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602 ("602 form"). Id. at § 3084.2(a). At the time of the events alleged in this action, California prisoners were required to submit appeals within thirty (30) calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level. Id. at §§ 3084.7(a), 3084.8(c). Three levels of appeal were involved, including the first level, second level, and third level. Id. at § 3084.7. The third level of review exhausts administrative remedies. Id. at § 3084.7(d)(3). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney, 311 F.3d. at 1199–1201.

### 3. Motion to Dismiss

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants may raise

exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6) or (2) a motion for summary judgment under Rule 56. Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) ("Albino II"). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. Cty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007).

**B.     Discussion**

In his complaint, Plaintiff originally alleged that his original grievance regarding the excessive force and related incidents was cancelled on December 6, 2013 at the third level. (ECF

5

No. 14, p. 3.) Thereafter, Plaintiff appealed the cancellation, but the second appeal was denied at the third level on June 3, 2014. (Id. at 8.) Defendants argue that, based on these allegations, it is apparent on the face of the complaint alone that Plaintiff never exhausted his administrative remedies as to the merits of the claims at issue in this action.

In his opposition to the motion to dismiss, Plaintiff clarifies that his original appeal was rejected on July 17, 2013 at the third level with instructions to attach his CDCR Form 837. Plaintiff submitted a 22 request form to the proper official as soon as he became aware of who it was. A few weeks after the deadline, Plaintiff received the CDCR Form 837 and submitted it. On October 10, 2013, the appeal was rejected again, and Plaintiff was informed that he needed to attach a CDCR Form 1858. Plaintiff complied again and sent in an amended grievance. On December 6, 2013, the grievance was cancelled, stating that because his response to the initial rejection (the CDCR Form 837) was untimely, his appeal was cancelled. (ECF No. 54, p. 5.) Plaintiff appealed the cancellation, arguing that he has no control over when he receives certain CDCR documentation through the institutional mail. However, CDCR denied Plaintiff's appeal of the cancellation. (Id. at 5–6.) Plaintiff argues, therefore, that the appeal was cancelled because he did not submit his supplemental documents on time, which was not within his control.

The Court finds that Plaintiff has argued and presented evidence in his opposition to the motion to dismiss that he attempted to timely supplement his inmate appeal, but was prevented from doing so due to actions of prison officials. Defendants argue that the Court should disregard Plaintiff's arguments, as they were not included in the amended complaint. Furthermore, Plaintiff has not provided any plausible proof to support his assertion that his failure to timely supplement his original appeal was the fault of someone within CDCR. (ECF No. 56.) Nevertheless, Plaintiff has submitted sufficient evidence to raise this as an issue that should be addressed on a more extensive factual record. Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face of his amended complaint, nor is a motion to dismiss the appropriate mechanism for Defendants to challenge the sufficiency of the evidence Plaintiff has presented in support of his arguments.

///

This is not the "rare event" where failure to exhaust is clear on the face of the complaint. Albino II, 747 F.3d at 1169. Without a record of Plaintiff's alleged attempts to seek timely redress through the inmate appeals process, the undersigned cannot rule out the possibility that administrative remedies were "effectively unavailable" to him. Therefore, the Court recommends that Defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust be denied, without prejudice to renewal as a motion for summary judgment.

**III.     Conclusion and Recommendation**

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, (ECF No. 35), be DENIED without prejudice to renewal as a motion for summary judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **April 3, 2019**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

7