# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY C. BUCKLEY,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHNSON, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-00102-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 66) |

Plaintiff Rodney C. Buckley ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2019, the assigned Magistrate Judge issued findings and a recommendation that Defendants' Rule 12(b)(6) motion to dismiss for failure to exhaust be denied, without prejudice to renewal as a motion for summary judgment. (ECF No. 66.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 7.) Defendant Zamora timely filed objections on April 18, 2019. (ECF No. 67.)

In his objections, Defendant Zamora argues that the Magistrate Judge improperly placed the burden of proof as to the exhaustion of administrative remedies onto Defendants, rather than Plaintiff. Specifically, Defendant Zamora contends that, because the Court is required to accept

1

as true the allegations of the complaint at this early stage in the action, Plaintiff's allegations in the complaint present the rare event where failure to exhaust administrative remedies is clear on the face of the complaint. Moreover, Defendant argues that Plaintiff bears the burden of establishing that the grievance process was unavailable to him, which he has failed to do. (Id.)

Defendant Zamora's objections are highly unpersuasive. The Supreme Court has explicitly held that failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 217 (2007). Further, the Ninth Circuit Court of Appeals has held that once a defendant has carried the burden of proving that there was an available administrative remedy, the burden then shifts to the prisoner to show that administrative remedies were effectively unavailable to him, but "the ultimate burden of proof remains with the defendant." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (citations omitted).

Thus, while the Court is to take the allegations in the complaint as true, Plaintiff was not obligated to plead all facts or evidence demonstrating that his administrative remedies were unavailable. Once the issue was raised in Defendants' motion to dismiss, Plaintiff provided additional documentation to support his contention that the grievance process was effectively unavailable to him. Defendant Zamora objects that even these documents demonstrate Plaintiff's failure to exhaust, and that Plaintiff failed to provide sufficient explanation or documentation for his failure to continue pursuing his appeals. However, as noted in the findings and recommendations, a motion to dismiss is not the appropriate mechanism for Defendants to challenge the sufficiency of the evidence Plaintiff presented in support of his arguments. On the record before the Court, the Magistrate Judge properly found that Plaintiff's failure to exhaust was not so clear on the face of the complaint as to warrant dismissal at this early stage. Defendants may raise the issue of exhaustion again on a motion for summary judgment.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case, including Defendant Zamora's objections. None of the objections provide a legal basis on which to question the Magistrate Judge's findings and recommendations. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's

findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on April 4, 2019, (ECF No. 66), are adopted in full;
2. Defendants' motion to dismiss for failure to exhaust administrative remedies, (ECF No. 35), is denied without prejudice to renewal as a motion for summary judgment; and
3. This action is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**August 13, 2019**__ _____/s/ Lawrence J. O'Neill_____
                                                  UNITED STATES CHIEF DISTRICT JUDGE