1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY C. BUCKLEY, JR.,                   Case No.  1:17-cv-00102-LJO-BAM (PC)

12               Plaintiff,                    ORDER SETTING SETTLEMENT
                                               CONFERENCE
13          v.

14   JOHNSON, *et al.*,

15               Defendants.

16

17          Plaintiff Rodney C. Buckley, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court has determined

19   that this case will benefit from a settlement conference.  Therefore, this case will be referred to

20   Magistrate Judge Dennis M. Cota to conduct a settlement conference at the U. S. District Court,

21   501 I Street, Sacramento, California 95814 in Courtroom #1 on October 17, 2019 at 9:30 a.m.

22   The Court will issue the necessary transportation order in due course.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1. This case is set for a settlement conference before Magistrate Judge Dennis M. Cota

25             on **October 17, 2019 at 9:30 a.m.** at the U. S. District Court, 501 I Street,

26             Sacramento, California 95814 in Courtroom #1.

27   ///

28   ///

                                                    1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.

4. Parties are directed to submit confidential settlement statements no later than October 10, 2019 to dmcorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Dennis M. Cota, USDC CAED, 2986 Bechelli Lane, Suite 300, Redding, California 96002 so it arrives no later than **October 10, 2019**. The envelope shall be marked "CONFIDENTIAL SETTLEMENT STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement." (See L.R. 270(d)).

5. Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

6. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties'

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. U.S. Dist. Ct. for the N. Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval inhOfficial Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596–97 (8th Cir. 2001).

| | |
|---|---|
| 1 | likelihood of prevailing on the claims and defenses; and a description of the |
| 2 | major issues in dispute. |
| 3 | c. A summary of the proceedings to date. |
| 4 | d. An estimate of the cost and time to be expended for further discovery, pretrial, |
| 5 | and trial. |
| 6 | e. The relief sought. |
| 7 | f. The party's position on settlement, including present demands and offers and a |
| 8 | history of past settlement discussions, offers, and demands. |
| 9 | g. A brief statement of each party's expectations and goals for the settlement |
| 10 | conference, including how much a party is willing to accept and/or willing to |
| 11 | pay. |
| 12 | h. If the parties intend to discuss the joint settlement of any other actions or |
| 13 | claims not in this suit, give a brief description of each action or claim as set |
| 14 | forth above, including case number(s) if applicable. |
| 15 | i. Judge Cota or another representative from the court will be contacting the |
| 16 | parties either by telephone or in person, approximately two weeks prior to the |
| 17 | settlement conference, to ascertain each party's expectations of the settlement |
| 18 | conference. |

IT IS SO ORDERED.

Dated:   **August 13, 2019**                    /s/ *Barbara A. McAuliffe*                  
                                                          UNITED STATES MAGISTRATE JUDGE